12-1284-cr
United States v. Skowron

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand thirteen.

Present:     SUSAN L. CARNEY
             CHRISTOPHER F. DRONEY,
                  *Circuit Judges,*
             PAUL G. GARDEPHE,
                  *District Judge.*\*

_____

UNITED STATES OF AMERICA,

                            *Appellee,*

              v.                                    No. 12-1284-cr

JOSEPH F. SKOWRON, III,

                       *Defendant-Appellant.*

_____

Appearing for Appellant:        JOSHUA H. EPSTEIN (Alan S. Gruber, *on the brief*),
                                SorinRand LLP, New York, New York.

---

\* The Honorable Paul G. Gardephe, United States District Judge for the Southern District of New York, sitting by designation.

Appearing for Appellee:  DAVID B. MASSEY, Assistant United States Attorney (Iris Lan, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney, New York, New York.

Appearing for Amicus Curiae Morgan Stanley:  KEVIN H. MARINO (John A. Boyle, *on the brief*), Marino, Tortorella & Boyle, P.C., Chatham, New Jersey.

Appeal from the United States District Court for the Southern District of New York (Denise Cote, *Judge*).  **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDICATED**, and **DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED**.

Defendant Joseph F. Skowron III appeals from that portion of the District Court's March 20, 2012 Opinion and Order and April 19, 2012 Second Amended Judgment ordering Skowron to pay his former employer Morgan Stanley restitution in the amount of $10,247,853.49.  That sum represents 20% of Skowron's compensation at Morgan Stanley between 2007 and 2010 – amounting to $6,420,801.00 – and $3,827,052.49 in legal fees and related costs.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision.

The District Court's restitution order followed Skowron's conviction, pursuant to a guilty plea, for conspiring to commit securities fraud and to obstruct justice.  On appeal, Skowron argues that the restitution order violates the Mandatory Victim Restitution Act ("MVRA"), codified largely at 18 U.S.C. §§ 3663A and 3664, because (1) his compensation

2

was not Morgan Stanley's "property," and (2) the legal fees and costs were not incurred "during the investigation or prosecution of the offense" or were not "necessary" expenses.

"[W]e review the district court's restitution order deferentially, reversing only if in our view the trial court abused its discretion." United States v. Amato, 540 F.3d 153, 159 (2d Cir. 2008). "To identify such abuse, we must conclude that a challenged ruling rests on an error of law, a clearly erroneous finding of fact, or otherwise cannot be located within the range of permissible decisions." United States v. Boccagna, 450 F.3d 107, 113 (2d Cir. 2006) (internal quotation marks omitted).

### A.  Skowron's Compensation

We first turn to Skowron's argument that the District Court erred in holding that, because he committed honest services fraud against Morgan Stanley, a portion of his compensation was Morgan Stanley's "property" under the MVRA.  The MVRA requires that a defendant who has "committed [an offense] by fraud or deceit" pay restitution to identifiable victims who have suffered a "pecuniary loss."  18 U.S.C. §§ 3663A(c)(1)(A)(ii), (c)(1)(B).  In such cases, the defendant must pay restitution equal to the value of the victim's lost "property."  Id. § 3663A(b).  A victim's pecuniary losses may be considered lost "property" where the victim has been deprived of "money to which it [is] entitled by law."  United States v. Bengis, 631 F.3d 33, 40 (2d Cir. 2011) (internal quotation omitted).

This Court has held that an employer is entitled by law to compensation it paid an employee when the "employer pays for honest services but receives something less."

3

United States v. Bahel, 662 F.3d 610, 649 (2d Cir. 2011).  Following this precedent, the District Court held that Skowron's compensation was Morgan Stanley's property because "Skowron manifestly failed to provide the honest services for which Morgan Stanley compensated him."  Specifically, the District Court found that Skowron violated Morgan Stanley's policies prohibiting insider trading, and actively deceived Morgan Stanley and frustrated its investigation and attempts to cooperate with the SEC, thereby prolonging the period during which he was paid by Morgan Stanley.  On appeal, Skowron observes that he was not convicted of honest services fraud and contends that he could not have been convicted of honest services fraud under Skilling v. United States, 130 S. Ct. 2896 (2010), and therefore no part of his compensation can be regarded as Morgan Stanley's property.

Skowron's argument is unavailing.  "There is no question that a portion of an individual's salary can be subject to forfeiture where, as here, an employer pays for honest services but receives something less."  Bahel, 662 F.3d at 649.  As a result, for purposes of the MVRA, the "property" lost by an employer consists of "'the difference in the value of the services that [the defendant] rendered . . . and the value of the services that an honest [employee] would have rendered.'"  Id. (quoting United States v. Sapoznik, 161 F.3d 1117, 1121 (7th Cir. 1998).  Here, Skowron deprived Morgan Stanley of his honest services by participating in a bribery scheme to obtain inside information regarding the progression of certain clinical trials.  If not for Skowron's deceit, Morgan Stanley would have learned of his criminal conduct, terminated his employment, and discontinued his compensation.

4

Accordingly, the District Court was authorized by the MVRA to require Skowron to pay restitution to Morgan Stanley for a portion of his salary.

Moreover, a defendant commits honest services fraud when he, "in violation of a fiduciary duty, participate[s] in bribery or kickback schemes," Skilling, 130 S. Ct. at 2930, whether by giving or receiving such bribes or kickbacks. See United States v. Nouri, 711 F.3d 129, 140 (2d Cir. 2013); see also Skilling, 130 S. Ct. at 2933-34 ("The term 'kickback' means any money, . . . thing of value, or compensation . . . which is provided . . . to [enumerated persons] for the purpose of improperly obtaining or rewarding favorable treatment in connection with [enumerated circumstances]." (quoting 41 U.S.C. § 52(2)) (alterations in Skilling)). Here, Skowron stated during his plea colloquy that he provided Benhamou with certain benefits, and that Benhamou, in turn, provided Skowron with material, non-public information about pharmaceutical companies in which the hedge funds Skowron managed were investing. Accordingly, Skowron participated in a bribery or kickback scheme when he gave Benhamou benefits and received valuable information in return.

Given the circumstances, the District Court did not abuse its discretion in ordering restitution equaling 20% of Skowron's salary for the period of his offense. See Bahel, 662 F.3d at 650 ("[W]e . . . find that requiring [the defendant] to repay less than 10% of his total salary was a conservative estimate of the cost of the fraud with respect to his salary."); Sapoznik, 161 F.3d at 1121-22 (affirming a restitution award equal to 25% of a defendant's salary from the period during which he accepted bribes).

### B.    Legal Fees and Costs

Skowron also argues that the District Court erred in awarding Morgan Stanley restitution for the attorneys' fees and costs it incurred as a result of the SEC investigation. Under the MVRA, a victim is entitled to restitution for "necessary . . . other expenses <u>incurred</u> <u>during</u> <u>participation</u> <u>in</u> the investigation or prosecution of the offense or attendance at proceedings related to the offense."  18 U.S.C. § 3663A(b)(4) (emphasis added).  Skowron argues that the District Court failed to apply this standard, and instead relied on the broader language of the Victim and Witness Protection Act ("VWPA"), which allows for restitution of expenses "<u>related</u> <u>to</u> participation in the investigation or prosecution of the offense."  18 U.S.C. § 3663(b)(4) (emphasis added).

The District Court committed no error in awarding Morgan Stanley restitution for the attorneys' fees and costs it incurred as a result of the SEC investigation. In <u>United States v. Amato</u>, 540 F.3d 153, 162 (2d Cir. 2008), this Court affirmed a restitution award that included legal expenses incurred by the defendants' employer in connection with an internal investigation related to an official criminal investigation. <u>Id.</u> Here, as the District Court found, the sequence of events is similar:  Skowron's acts caused an internal investigation related to an SEC investigation that led directly to the filing of parallel criminal insider trading and obstruction charges.

Skowron further argues that the District Court erred in awarding Morgan Stanley the attorneys' fees and costs that it advanced to its employees.  According to Skowron, these expenses do not fall within the purpose of the MVRA, because the

6

employees were not "victims" of Skowron's scheme. This argument fails, because the District Court found Morgan Stanley to be a "victim" under the MVRA, and it was Morgan Stanley that incurred the expenses in question. While Skowron argues that Morgan Stanley was not contractually obligated to cover the legal expenses of its employees, and therefore the expenses were not "necessary," it was reasonable for the District Court to find that these employees had the same right to indemnification as Skowron himself asserted and Morgan Stanley honored. Skowron presented no evidence to the contrary, either in the district court or here.

We have considered Skowron's remaining arguments and find them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court